### No. 11,627.

### MRS. MARTHA E. THOMPSON VS. MRS. MARTHA BALDWIN ET AL.

The plaintiff renounced her right as forced heir to one-third of her daughter's succession.

At the time her son-in-law promised, verbally, to transfer a tract of land to "some member of her family."

She sues as forced heir to recover one-third of her daughter's succession, and treats her renunciation as void.

*If* the renunciation is voidable all parties in interest must be made parties to the suit to annul the renunciation.

APPEAL from the Civil District Court for the Parish of Orleans. *Rightor, J.*

---

*Frank L. Richardson* for Plaintiff, Appellant.

---

*Rice & Montgomery* and *Branch K. Miller* for Defendants, Appellees.

---

The opinion of the court was delivered by

BREAUX, J. The plaintiff, mother of the late Gustavus A. Baldwin, alleges substantially that after the death of her daughter her son-in-law agreed, if she renounced her right in the estate of her daughter,

he would return to her a tract of land in the county of Washington, State of Mississippi. She avers that he failed to comply with the agreement, and that in consequence she did not receive the consideration promised, and that in other respects the renunciation was illegal and invalid. The alleged renunciation was made separate and distinct from the agreement alleged, to transfer land.

An exception of no cause of action was interposed by the heirs of G. A. Baldwin. The said Baldwin died several years after the renunciation had been signed.

Subsequent to the filing of this exception plaintiff amended her petition.

She prays for judgment for such amount as will be shown as due after account rendered of the share of the community interest of her late daughter, in the estate of the late G. A. Baldwin.

The exception was overruled.

In their answer the defendants admit that the succession of plaintiff's daughter, Mrs. Mattie Thompson, wife of Baldwin, was opened, and that as heirs of the latter they have accepted the succession, and are in possession of the property. They specially aver that it is movable. They also aver that the renunciation binds plaintiff.

On the trial the defendant reiterated that plaintiff had no right of action; the pleadings showing, the defendants aver, that if any right existed, it was not plaintiff's, who reserved none, but in third persons in whose favor she stipulated, and that they, if any one, were parties in interest who could sue; that the resolutory condition has no application, and that even if the law regarding the resolutory condition applied, the Civil Code provides for an action to annul, and astly that to prove the consideration would involve proof by paro of a sale or promise of sale.

The objection was sustained and the suit dismissed. Plaintiff reserved a bill of exception to the court's ruling.

Mrs. Thompson renounced all rights to the succession of her daughter.

No question is raised regarding the form of the renunciation. As an original proposition a renunciation of a succession is a manifestation of will and consent to relinquish all rights to the succession renounced.

Our Code is silent regarding causes of nullity of renunciation; we must therefore have recourse to those general principles applying to conventional obligations in cases of error, fraud and violence.

Causes which vitiate consent in matter of contracts may also vitiate the renunciation of a succession.

Error for instance, but to constitute error it must appear that the party acted in error.

Here error is not alleged, nor fraud or violence.

A renunciation may be gratuitous.

Consideration is not of the essence in a renunciation.

The renunciation upon its face' was valid, even without consideration.

The heirs of G. A. Baldwin, after the renunciation had been made, accepted the succession and were placed in possession. They hereby acquired certain rights and may have incurred responsibility.

Unless error is manifest, the person renouncing is bound by the act of renunciation.

The plaintiff urges that there was another consideration, to-wit: the transfer of land by her son-in-law, Baldwin, to " some member of her family."

She trusted to a verbal promise regarding title to certain land. At the time this agreement did not have the effect of divesting the renunciation of all reality. There was a renunciation. The renouncer had exercised her judgment and had given consent.

The plaintiff alleges " that the consideration of the said pretended renunciation was the verbal agreement that said Baldwin should return said land to some member of her family (not to herself as in the original petition alleged), and that said verbal agreement was of no validity, being a verbal agreement to transfer lands, thus making said renunciation to be without consideration."

From these allegations we must conclude that it was a stipulation *pour autruis*. These third parties have an interest. If they remain quiescent we can not conceive that there remains a right in plaintiff to treat the renunciation as void.

Plaintiff has no such interest in this suit as can enable her to absolutely disregard her renunciation. Barron vs. Jacobs, 38 An. 370; Ashby vs. Ashby, 39 An. 106; Corral vs. Towboat, 37 An. 803.

The action is not in nullity of the renunciation, and if it were it would fail unless all parties in interest were before the court.

We think the judgment dismissing the suit was correct, and it is therefore affirmed at plaintiff's costs, and right to sue is reserved to all persons concerned.

Rehearing refused.